IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                      Case No. 2:16-cr-169-2

Jeffrey Allen Williams

## OPINION AND ORDER

Defendant was convicted of a heroin conspiracy, and by judgment entered on April 3, 2017, defendant was sentenced to a term of incarceration of ninety-two months. The court has received a letter from the defendant in which he requests a reduction of his sentence due to his medical conditions and the COVID-19 epidemic. Defendant indicates that there is a detainer lodged against him by the Pennsylvania Parole Board stemming from a conviction in a Pennsylvania state court. Defendant suggests that if the Pennsylvania authorities decide not to enforce the detainer, he could be placed on home confinement. The court will address defendant's letter as a motion for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i). The government has filed a response in opposition to the motion, arguing that this court lacks jurisdiction to consider the motion due to defendant's failure to exhaust his administrative remedies.

Before defendant can file a motion for reduction in sentence for "extraordinary and compelling reasons" under §3582(c)(1)(A)(i) in the district court, the defendant must first submit a request to the warden to file a motion for a reduction in sentence on his behalf. If that request is denied by the warden within thirty days, defendant must exhaust all administrative appeals before filing a motion in district court. If, on the other hand, the defendant presents his request to the warden and receives no response within

thirty days, he may then file a motion in the district court. See Daniels, 2020 WL 1938973, at *2-3; Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn. May 2, 2019). The exhaustion requirement contained in §3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. See, e.g., United States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); United States v. Dickson, No. 1:19-cr-251-17, 2020 WL 1904058, at *2-3 (N.D. Ohio Apr. 17, 2020); United States v. Alam, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020).

    Defendant has not alleged or submitted evidence that he has exhausted his administrative remedies. The motion for compassionate release (Doc. 76) is denied without prejudice due to defendant's failure to exhaust his administrative remedies.

Date: May 7, 2020                                S/James L. Graham
                                                James L. Graham
                                                United States District Judge